WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com

*Attorney for Plaintiff Cathie Konyen*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHIE KONYEN, an individual, | CASE NO. 3:22-CV-00538 |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| LOWES HOME CENTERS, LLC, a foreign limited liability company, | |
| Defendant. | |

**I.**

**STATEMENT OF THE CASE**

This is an employment-discrimination case arising under the Americans With Disabilities Act ("ADA") as amended, and corresponding state laws, NRS 613.330 and NRS 613.340.  This case also asserts a state-law claim for breach of an employment contract.  Plaintiff Cathie Konyen worked as a Flooring Sales Specialist for Respondent Lowes Home Centers, LLC in Nevada, California, New York, and then back to Nevada, for over seventeen years, from February of 2002 to June of 2019, when she was fired.

During Ms. Konyen's first tenure at the Lowes Reno, NV Store, during the period of March 2014 to January 2016, Ms. Konyen suffered an occupational disease in the form of a lower back injury, arising from the cumulative effects of her repeated lifting of flooring materials at Lowes.  This amounted to a disability, protected under the ADA and corresponding state laws.  Lowes knew that this occupational disease was permanent.  Lowes encouraged Ms. Konyen not to file a worker's compensation claim, and in return, Lowes promised that it "would take care of her," *i.e.*, it would

1

accommodate her resulting disabilities—above and beyond that necessitated by the ADA and NRS 613.330. This promise was broken and forms the basis of Ms. Konyen's breach-of-contract claim (or in the alternative her unjust enrichment claim in quasi-contract).

Ms. Konyen's disabilities presented "lifetime" physical limitations including: (1) a 10-lb. lifting limitation; (2) not using ladders 10 feet tall or taller; (3) no pushing; (5) an allowance for her to sit down at times, when not servicing customers; and (6) no bending. As well, Ms. Konyen was required to attend physical therapy to treat her disabilities, requiring that she work a schedule having a shift that ended at 5:00 p.m. during the week, but on the weekends she could work later. Notwithstanding her disabilities, Ms. Konyen performed the essential functions of her job at Lowes quite well for years, with the reasonable accommodations provided to her by Lowes. Ms. Konyen was a top-five sales performer in any region and state where she worked. She satisfied her customers and took good care of them. Thus, from the very beginning, Lowes was keenly aware of Ms. Konyen's ADA-protected disabilities, and it afforded her reasonable accommodations for around six years, until it suddenly withdrew those accommodations in 2019.

More specifically, on or about May 19, 2019, Lowes Human Resource Manager/Store Manager David Berntzen removed Ms. Konyen from her Flooring Sales Specialist position, at which point, she was fired from that position. Mr. Berntzen then gave Ms. Konyen two unreasonable options: (1) she could accept a demotion by taking another position at the store, either as a cashier or as an installed sales coordinator position, both of which paid less than her prior Flooring Sales Specialist position did (and the installed sales coordinator position was being phased out and was only a temporary position); or (2) she could take short-term disability leave, at considerable loss of pay, which was also only temporary, without any ability to return to employment with Lowes until she produced a 100%-healed medical release, which Lowes *knew* she could not obtain, given the permanent nature of her disabilities. These options were not reasonable accommodations under the ADA, especially in light of the fact that Konyen could have continued to perform the essential functions of her Flooring Sales Specialist position if Lowes provided the same or different reasonable accommodations to her.

Resisting this unlawful discrimination, Ms. Konyen complained about the matter to company higher-ups, including by appealing the company's decision through its company-administrative

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

process.  After Ms. Konyen filed her appeal, Mr. Berntzen retaliated against Ms. Konyen, on or around May 25, 2019, by choosing the second option for her, short-term disability.  She was placed on an involuntary leave of absence on that date.  Ms. Konyen was told that she would need to obtain a full medical release before she could return to any type of work at Lowes.  Lowes' demand for a 100%-healed, full medical release violated the ADA, which requires only that Ms. Konyen be able to perform the essential functions of her job with a reasonable accommodation.[1]  Given no choice in the matter, Ms. Konyen applied for short-term disability.  But she quickly learned that her application for short term disability would take 45-60 days to be processed before she could expect to receive any income.  Ms. Konyen contacted Lowes HR and asked for payment of her outstanding Lowes' income, *i.e.*, her accrued 2-weeks' vacation and her 5 days of holiday pay.  But Lowes told Ms. Konyen that she could not receive any outstanding vacation-holiday income while she was on disability leave, and that she needed to come off leave by putting in her two-weeks' "notice" to the company.  She was told that after she provided her "notice," she could go back on short-term disability.  Therefore, on or about June 6, 2019, Ms. Konyen emailed her "notice," solely for purposes of obtaining her accrued vacation and sick leave pay, but not to effect a permanent or voluntary separation of employment from Lowes.  In this regard, she had historically filed "30 day notices" with Lowes before, also for administrative purposes only, in connection with her transfers from one Lowes store to another Lowes store, which, as here, was also not intended to effect her voluntary or permanent separation of employment from Lowes, altogether.

In any event, by that time on June 6, 2019, Ms. Konyen had *already* been terminated from her Sales Flooring Specialist position, and she was constructively discharged from all other employment with Lowes because she was prohibited from returning to employment with Lowes, unless she could obtain a full medical release, which she could not do, due to the permanency of her disability.  Thus, on

---

[1] An employer's requirement of a full-medical release or "100%-healed" medical release violates the ADA.  *See McGregor v. AMTRAK*, 187 F.3d 1113, 1116 (9th Cir. 1999) (citing *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 699 (7th Cir. 1998); *Weigel v. Target Stores*, 122 F.3d 461, 466 (7th Cir. 1997); *Norris v. Allied-Sysco Food Servs., Inc.*, 948 F. Supp. 1418, 1437 (N.D. Cal. 1996); *Heise v. Genuine Parts Co.*, 900 F. Supp. 1137, 1154 & n.10 (D. Minn. 1995); *Hutchinson v. United Parcel Serv., Inc.*, 883 F. Supp. 379, 397 (N.D. Iowa 1995); and *Sarsycki v. United Parcel Service*, 862 F. Supp. 336, 341 (W.D. Okla. 1994)).

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

or about June 26, 2019,  Lowes completely terminated Ms. Konyen's employment, without ruling on her appeal.  Lowes discriminated and retaliated against Ms. Konyen by unreasonably rescinding her established reasonable accommodation, firing her from her Flooring Sales Specialist position, demanding that she obtain a "full-medical release" as a condition precedent to further employment with Lowes, and by wrongfully terminating her due to her disability, in violation of the ADA, as amended, and NRS 613.330.  Inasmuch as Lowes broke its promise to continue to accommodate her disability—above and beyond the requirements of the ADA and NRS 613.330, in exchange for her forbearance in filing a worker's compensation claim against Lowes, Lowes breached its contract, or in the alternative, its quasi-contract with Ms. Konyen.  Ms. Konyen seeks monetary, equitable, and injunctive relief.

## II.

## JUISDICTION AND VENUE

1.     The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  In particular, this case asserts federal discrimination claims, actionable under the Americans with Disabilities Act and the Americans with Disabilities Act Amendment Act (collectively, "ADA"), codified at 42 U.S.C. § 12101 *et seq*.  This Court has supplemental jurisdiction over the corresponding state-law discrimination claims (NRS 613.330 and NRS 613.340) and contract claim, pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2.     Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Reno, County of Washoe, Nevada, and because Defendant LOWES HOME CENTERS, LLC, conducted business in the city of Reno, county of Washoe, Nevada where all or a substantial part of the events or omissions giving rise to the claims of the case occurred.

## III.

## PARTIES

3.     At all times relevant herein, Plaintiff CATHIE KONYEN ("Plaintiff" and "KONYEN")

was a citizen of the state of Nevada, residing in the County of Washoe, Nevada, and she was employed by Defendant LOWES HOME CENTERS, LLC, a home improvement company, as a Flooring Sales Specialist, working most recently at  the LOWES HOME CENTERS, LLC's business location, situated at or about 5075 Kietzke Lane, in the city of Reno, Nevada in the county of Washoe, further identified as Store No. 0321.

4.     Defendant LOWES HOME CENTERS, LLC ("Defendant" and " LOWES") is a foreign limited liability company organized under the laws of North Carolina, authorized to do business in the state of Nevada and actually doing business in the state of Nevada, operating home improvement stores in many locations in Nevada, including at LOWES Store No. 0321, located at or about 5075 Kietzke Lane, in the city of Reno, Nevada in the county of Washoe.  At all times relevant herein,  LOWES employed more than 500 employees.

**IV.**

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

***KONYEN's Employment History with LOWES***

5.     At all times relevant hereto KONYEN was employed by LOWES, working at various locations and/or times, set forth as follows:

(A)     From about March of 2014 to about January of 2016, KONYEN was employed by LOWES, working at the LOWES Reno, Nevada Store;

(B)     From about January of 2016 to about April of 2018, KONYEN was employed by LOWES, working at a LOWES store in San Jose, California, as a flooring sales specialist;

(C)     From about April of 2018 to about March of 2019, KONYEN was employed by LOWES, working at a LOWES store in Newburgh, New York, as an appliance specialist; and

(D)     From about April of 2019 to about May of 2019, KONYEN was employed by LOWES, working at the LOWES Reno, Nevada Store, as a flooring sales specialist.

6.     During her employment tenure with LOWES, KONYEN had good performance reviews and was considered by LOWES to be a good employee.

7.     During her employment tenure with LOWES, KONYEN was a top-five sales performer in any region and state where she worked, and she satisfied her customers and took good care of them.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

5

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

### KONYEN's Disabilities

8. During KONYEN's first tenure at the LOWES Reno, NV Store, during the period of March 2014 to January 2016, Ms. Konyen suffered an occupational disease in the form of a lower back injury, arising from the cumulative effects of her repeated lifting of flooring materials at LOWES.

9. The LOWES store management and HR personnel learned that KONYEN's occupational disease was permanent.

10. The LOWES store management encouraged KONYEN not to file a worker's compensation claim for her occupational disease, and in return, LOWES promised that it "would take care of her," *i.e.*, it would voluntarily accommodate her resulting disabilities, above and beyond the ordinary requirements imposed on LOWES by federal and state law.

11. As a result of her occupational disease, KONYEN suffered physical impairments ("Physical Impairments"), which restricted her physical abilities and imposed physical limitations on her, including as confirmed by her medical providers, such as: (1) a 10-lb. lifting limitation; (2) not using ladders 10 feet tall or taller; (3) no pushing items; (5) an allowance to sit down occasionally at work, when not serving customers; and (6) no bending.

12. At all times relevant herein, KONYEN'S Physical Impairments substantially limited one or more of her major life activities, including: (1) lifting more than 10-lbs.; (2) using ladders 10 feet tall or taller; (3) pushing objects; (5) enduring prolonged periods of standing, without sitting breaks; (6) bending her body; and (7) working.

13. As well, KONYEN's Physical Impairments required and require that she receive medical care, in the form of regular, ongoing, physical therapy, to treat her disabilities, which historically required that she work a schedule having a shift that ended at 5:00 p.m. during the week, but on the weekends she could work later.

14. These Physical Impairments and substantial limitations are expected to continue for the rest of KONYEN'S life.

15. At all times relevant herein, KONYEN received medical treatment for her Physical impairments.

16. At all times relevant herein, KONYEN'S Physical Impairments were disabilities

("Disabilities"), within the meaning, scope, and protection of the American's With Disabilities Act and its Amendment Act (collectively, the "ADA") and corresponding state statutes, NRS 613.330 and NRS 613.340.

***LOWES' Years'-Long Accommodation of Konyen's Disabilities***

17.     Notwithstanding the existence of KONYEN'S Disabilities, at all times relevant herein, KONYEN could perform, did perform, and could have continued to perform, the essential functions of her job with reasonable accommodations from LOWES, including those accommodations described herein and others not proposed or considered by LOWES, including accommodations that:

(A)     continued the very same accommodations LOWES historically provided to KONYEN at all the LOWES stores, where she worked during her lengthy employment tenure with LOWES, including:

(1)     LOWES accommodating KONYEN's10-lb. lifting limitation;

(2)     LOWES not requiring that KONYEN use ladders 10 feet tall or taller;

(3)     LOWES not requiring that KONYEN push items;

(4)     LOWES allowing KONYEN to sit down occasionally at work, when not serving customers;

(5)     LOWES not requiring that KONYEN perform work that would cause her to bend her body; and

(6)     LOWES allowing KONYEN to work a schedule during the weekdays that ended by 5:00 p.m., to allow her to go to her doctors' appointments (but she was available to work after 5:00 p.m. on weekends);

(B)     made modifications or adjustments to the work environment at LOWES, or to the manner or circumstances under which KONYEN'S job duties or position were customarily performed, including by job restructuring, modifying KONYEN'S work schedule, acquiring or modifying equipment, changing company policies, and providing assistants or helpers;

(C)     transferred KONYEN to another available, suitable position within the company, regardless of location, for which she was qualified, *i.e.*, a job transfer that did not constitute an Adverse Employer Action against KONYEN, including those proposed, adverse-action transfers

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

7

described in ¶ 29 herein; and

       (D)     allowed KONYEN to take medical leave with the reasonable opportunity to return at a later time, with further reasonable accommodations, *i.e.*, not insisting that she obtain a 100%-healed" or "full" medical release.

     18.    At all times relevant herein, during her employment tenure at LOWES, KONYEN (and/or those acting on her behalf, including her medical providers) communicated to Defendant LOWES (including to its third-party HR administrators, including Sedgwick) that KONYEN suffered from Physical impairments and Disabilities, and requested that Defendant LOWES provide her reasonable accommodations for her Disabilities,

     19.    At all times relevant herein, Defendant LOWES was aware of KONYEN's Physical impairments and Disabilities, including when receiving medical records and information from, or on behalf of, KONYEN.

     20.    From about 2014 to about May 19, 2019, LOWES historically accommodated KONYEN's Disabilities, including as described in ¶ 17(A), hereinabove.

     21.    Defendant LOWES' awareness of KONYEN's Disabilities and its historical accommodation of her Disabilities is further established in the following occurrences:

       (A)     The 2014-2016 occurrences in the Reno, Nevada Store (Store No. 0321), referenced in ¶¶ 8-12, hereinabove;

       (B)     In the Summer of 2017, LOWES Store Manager Nick Peri asked KONYEN to move to the Flooring Sales Specialist position at the LOWES San Jose, CA Store (Store No. 1756). Mr. Peri did this after receiving the authorization to do so from his boss, Jeff Reynolds, a Lowes District Manager. Thus, LOWES management—including Mr. Peri and Mr. Reynolds—knew about KONYEN's Disabilities and LOWES' historical accommodations for her Disabilities, which reasonable accommodations LOWES had provided to KONYEN since as early as 2014. When KONYEN worked at the LOWES San Jose, CA Store, Lowes continued to provide these reasonable accommodations to KONYEN for her disabilities;

       (C)     Subsequently, in the Spring of 2018, KONYEN transferred to the position of appliance specialist in the LOWES Newburgh, NY Store (Store No. 1584). The appliance specialist

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

position had higher lifting requirements than the Flooring Sales Specialist position did.  KONYEN's transfer to the LOWES Newburgh, NY Store, as well as her accommodations, were also approved by LOWES' management, including Andrew Cook, Christian Trocki, Megan Smith, Steve Kovacik, with knowledge of her Disabilities and LOWES' historical accommodations of those Disabilities.  When KONYEN worked at the LOWES Newburgh, NY Store, LOWES continued to provide the same reasonable accommodations to KONYEN for her disabilities, as provided before in Reno, NV and San Jose, CA; and

(D)    Subsequently, LOWES considered transferring KONYEN back to the LOWES store in Reno, NV (Store No. 0321), to a Flooring Sales Specialist position there.  Initially, there was no such position open at the LOWES Reno, NV Store.  However, David Berntzen, the HR manager/Store Manager at LOWES Reno, NV, told KONYEN that, if she would transfer to the LOWES Reno, NV Store, he would get such a position opened for her because he needed KONYEN's selling skills and help with the young associates he supervised at the store.  Subsequently, Berntzen phoned KONYEN and informed her that he had approval from a new District Manager Jeff Reynolds to open a Flooring Sales Specialist position for her at the Reno, NV Store, to which she could transfer.  Reynolds told Berntzen that Berntzen would be lucky to have KONYEN because of her excellent sales history with Reynolds.  Once KONYEN's schedule and paperwork was transferred, Berntzen told KONYEN that she had "banker's hours," to which KONYEN reminded him that she attended physical therapy and pain management classes after work.  In response, Berntzen recalled her back-related Disabilities, and stated his recognition of such by saying, "Oh yeah, your back."  Thus, Ms. Konyen's transfer to the LOWES Reno, NV Store was made with the full knowledge of her disabilities and LOWES' historical accommodation of her disabilities and LOWES' intention to continue to accommodate her Disabilities as LOWES continuously did.

22.    For a time during her second tenure at the LOWES Reno, NV Store, LOWES accommodated KONYEN's disabilities.

23.    Indeed, LOWES' third-party administrator, Sedgwick, had *already approved* and updated KONYEN's disability-accommodation paperwork for her 2019 work at the LOWES Reno, NV Store, which was valid *for another two years*, through 2021, with the same medical work restrictions as

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

it approved in the past.

24.     Between the timeframe of 2014 to the day LOWES fired KONYEN, KONYEN's Disability-based medical-work restrictions did not change over the years, and LOWES' accommodations also remained the same, and they worked for many years and were already *pre-approved* through 2021.

25.     At all times relevant herein, with each request for an accommodation by KONYEN, Defendant LOWES (including through its third-party administrator including Sedgwick) was under a legal duty to engage in the ADA/NRS 613.330-mandated "interactive-process" with KONYEN, in good faith, to identify and implement appropriate reasonable accommodations for KONYEN's Disabilities.

26.     At all times relevant herein, before removing its years'-long accommodations provided to KONYEN, Defendant LOWES (including through its third-party administrator including Sedgwick) was under a legal duty to engage in the ADA/NRS 613.330-mandated "interactive process" with KONYEN, in good faith, to identify and implement appropriate reasonable accommodations for KONYEN'S Disabilities.

27.     However, during the process of removing its years'-long accommodations provided to KONYEN, Defendant LOWES (including through its third-party administrator including Sedgwick) breached this legal duty, by not engaging in the "interactive process," or failing to do so in good faith, with KONYEN, to identify and implement appropriate reasonable accommodations for KONYEN'S Disabilities.

### *LOWES' Removal of Accommodations of KONYEN's Disabilities*

28.     Instead, on or about May 19, 2019, Berntzen removed KONYEN from her Sales Specialist position at the LOWES Reno Store, at which point, she was fired from that position, and KONYEN's removal from this position amounted to an adverse employer action ("Adverse Employer Action") taken by LOWES against KONYEN.

29.     LOWES, through Berntzen, then gave KONYEN two unreasonable options:

(A)     LOWES told KONYEN that she could accept a demotion by taking another position at the store, either as a cashier or as an installed sales coordinator position, both of which paid

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

less than her prior Flooring Sales Specialist position did (and the installed sales coordinator position was being phased out and was only a temporary position); or

(B)    LOWES told KONYEN that she could take short-term disability leave, at a considerable loss of pay to her, which was also only temporary, without any ability to return to employment with Lowes until she produced a 100%-healed medical release, which Lowes *knew* she could not obtain, given the permanent nature of her Disabilities.

30.    These choices, foisted on KONYEN, were not reasonable accommodations under the ADA or NRS 613.330, but were instead Adverse Employer Actions taken against her.

31.    At all times relevant herein, LOWES could have continued to provide the same accommodations it historically provided to KONYEN, without experiencing "undue hardship"—or significant difficulty or expense, as informed by and in consideration of the following factors:

(A)    The nature and net cost of the Accommodation, taking into consideration the availability of tax credits and deductions, and/or outside funding;

(B)    LOWES' overall financial resources;

(C)    The number of persons LOWES employs and the effect of the Accommodation on LOWES' expenses and resources; and

(D)    The impact of the Accommodation upon LOWES' business operations, including the impact on the ability of other employees to perform their duties.

32.    Prior to withdrawing its accommodations from KONYEN, and all times relevant thereafter, LOWES failed to evaluate or properly consider in good faith whether providing KONYEN with the same accommodations it historically provided to KONYEN, would have caused LOWES to experience "undue hardship"—or significant difficulty or expense, as informed by and in consideration of the factors identified in ¶ 31(A)-(D), hereinabove.

33.    At all times relevant herein, LOWES could have even provided accommodations to KONYEN, other than the ones historically provided to her, and other than those Adverse Employer Action options offered to KONYEN described in ¶ 29 hereinabove, without experiencing "undue hardship"—or significant difficulty or expense, as informed by and in consideration of the factors identified in ¶ 31(A)-(D), hereinabove.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

11

34.   Refusing to accept the Adverse Employer Actions of her firing from the position of Sales Specialist position at the LOWES Reno Store or the proposed Adverse Employer Actions, described in ¶¶ 28-29 hereinabove, KONYEN resisted LOWES' discriminatory practices and appealed the company's decision through its company-administrative process ("Company Administrative Appeal").

35.   KONYEN's actions and resistance here were "protected activities" ("Protected Activities") within the meaning of the anti-retaliation provisions of the ADA and NRS 613.330, including the following actions and resistance:

(A)   KONYEN's continued or renewed requests for accommodations;

(B)   KONYEN's requests that her years'-long accommodations not be removed—or that they be reinstated; and

(C)   KONYEN's resistance to her firing from the Sales Specialist position, and her resistance to LOWES' efforts to demote her or force her out on disability-leave, with no hope of returning to LOWES given the permanent nature of her Disabilities, including that resistance evidenced by her filing a Company Administrative Appeal of LOWES' decisions and Adverse Employer Actions taken against her;

36.   After KONYEN filed her Company Administrative Appeal, Berntzen took further Adverse Employer Actions against KONYEN, which were discriminatory and retaliatory, on or around May 25, 2019, including when:

(A)   Berntzen forced KONYEN out on short-term disability leave; and

(B)   Berntzen foreclosed KONYEN's ability to return to work with LOWES, when telling KONYEN that she would need to obtain a "100%-healed" release or "full medical" release before she could return to any type of work at Lowes.

37.   LOWES' demand that KONYEN obtain a "100%-healed" release or "full medical" release before LOWES would consider allowing her to return to work in any position violated the ADA and NRS 613.330, which require only that KONYEN be able to perform the essential functions of her

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

job with a reasonable accommodation.[2]

38.     LOWES' actions taken here, coupled with a demand that KONYEN obtain a "100%-healed" release or "full medical" release before she would be permitted to return to work at LOWES in any position, amounted to a complete termination of KONYEN's employment with LOWES—whether as a direct termination, imminent termination, or a constructive discharge, for which KONYEN had no choice in the matter.

39.     Subsequently, given no choice in the matter, KONYEN applied for short-term disability, but she quickly learned that her application for short term disability would take 45-60 days to be processed before she could expect to receive any income.

40.     KONYEN contacted LOWES HR and asked for payment of her outstanding LOWES' income, *i.e.*, her accrued 2-weeks' vacation and her 5 days of holiday pay.

41.     But LOWES told KONYEN that she could not receive any outstanding vacation-holiday income while she was on disability leave, and that she needed to come off leave by putting in her two-weeks' "notice" to the company.

42.     LOWES did not warn KONYEN that if she put in such "notice" to the company, such an action would be construed by LOWES as KONYEN resigning her employment with LOWES.

43.     Moreover, LOWES and KONYEN had a course of dealings, whereby, KONYEN historically put in her "notice" to LOWES on several prior occasions, which was not taken by LOWES to mean that KONYEN was resigning her employment with LOWES.

44.     For example, KONYEN had historically filed "30 day notices" with LOWES before, in connection with her transfers from one LOWES store to another LOWES store, which, as here, was also not intended to effect her voluntary or permanent separation of employment from LOWES.

45.     Thus, with the understanding that she was not resigning her employment with LOWES, on or about June 6, 2019, KONYEN emailed her "notice" to LOWES, as instructed by LOWES to do, solely for purposes of obtaining her accrued vacation and sick leave pay, but not to effect a permanent or voluntary separation of employment from LOWES.

---

[2] *See* n.1, *supra*.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

13

46.     At no time relevant herein did KONYEN voluntarily resign from her employment with LOWES, nor did she withdraw her Company Administrative Appeal.

47.     At no time relevant herein did LOWES believe, or reasonably believe, that KONYEN voluntarily resigned from her employment with LOWES, nor did LOWES believe, or reasonably believe, that KONYEN withdrew her Company Administrative Appeal.

48.     In any event, by the date of June 6, 2019, LOWES had already terminated KONYEN from her Sales Flooring Specialist position, and LOWES had already effectively discharged KONYEN from all employment with LOWES, when it prohibited her from returning to employment with LOWES, unless she could obtain a "100%-healed" release or "full medical" release, which she could not do, due to the permanency of her disability.

### *LOWES' Formal Termination of KONYEN*

49.     Subsequently, on or about June 26, 2019,  Lowes formally terminated KONYEN's employment with LOWES, without ruling on her Company Administrative Appeal.

50.     LOWES discriminated and retaliated against KONYEN by rescinding her established reasonable accommodation, firing her from her Flooring Sales Specialist position, demanding that she obtain a "100%-healed" release or "full-medical release" as a condition precedent to her further employment with Lowes, and by wrongfully terminating her due to her Disabilities, in violation of the ADA, as amended, and NRS 613.330.

51.     Inasmuch as LOWES broke its promise to continue to accommodate KONYEN's Disabilities, in exchange for her forbearance in filing a worker's compensation claim against LOWES, as described herein, LOWES breached its legally-enforceable promise to KONYEN—whether that promise is construed as a contract or other legally-enforceable promise, enforceable in law or equity.

52.     LOWES took the Adverse Employer Actions described herein against KONYEN, including her firing, *because* of her Disabilities and in retaliation for her Protected Activities, notwithstanding any pretext offered to mask its unlawful disability discrimination and retaliation.

53.     In taking these Adverse Employer Actions against KONYEN, LOWES unlawfully discriminated against KONYEN based on her Disabilities and retaliated against her for engaging in the Protected Activities described herein, in violation of the ADA and NRS 613.330 and NRS 613.340.

14

54.     At all times relevant herein, Defendant LOWES deliberately and intentionally engaged in its Adverse Employer Actions against KONYEN, intending to engage in disability discrimination and unlawful retaliation against her.

### KONYEN's Exhaustion of Administrative Remedies

55.     KONYEN timely submitted, or caused to be submitted, a charge of unlawful disability discrimination and retaliation, for both state (NRS 613.330 and NRS 613.340) and federal violations (ADA) with the Equal Employment Opportunity Commission ("EEOC") in EEOC Claim No. 550-2020-00033, as alleged herein.

56.     At all times relevant herein, the Nevada Equal Rights Commission ("NERC"), a commission within the Nevada Department of Employment, Training, and Rehabilitation, was the Fair Employment Practices Agency ("FEPA") which was responsible for enforcing anti-employment discrimination laws in Nevada, similar to the federal anti-employment discrimination laws enforced by EEOC.

57.     At all relevant times herein, the NERC/FEPA and the EEOC had a "work-share agreement," ("WSA") which permitted either the NERC/FEPA or the EEOC to process *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, depending on where the claim was filed.

58.     Pursuant to the WSA, the EEOC received and processed both the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, when handling EEOC Claim No. EEOC Claim No. 550-2020-00033, and all claims asserted herein, whether state-law claims or federal claims, are now administratively exhausted.

59.     On September 8, 2022, the EEOC, issued a "right-to-sue letter" for the discrimination claims of this case, as described in EEOC Claim No. 550-2020-00033, pursuant to 42 U.S.C. 12111 *et seq.*, for *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, and KONYEN timely filed the instant suit within ninety (90) days of the receipt of that "right-to-sue letter."

60.     Under Federal Rule of Civil Procedure 8, the claims of this pleading are pleaded consistently, inconsistently, and/or alternately, as permitted under the rule, including for claims whose legal elements require "but-for" or "determining-factor" causation.

/ / /

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

***FEDERAL CLAIMS***

**V.**

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL DISCRIMINATION BASED ON DISABILITY:**

**Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities**

**(Americans With Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq.*)**

61.     KONYEN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

62.     Defendant LOWES violated the ADA and 42 U.S.C. § 12101 *et seq.* and is liable for its culpable conduct and the conduct of its employees and agents, including its HR Personnel, under the ADA and 42 U.S.C. § 12101 *et seq.* for the reasons set forth in this claim for relief.

63.     At all times relevant herein, KONYEN's Disabilities, described herein, were Physical Impairments, as described herein, which Disabilities are covered by, and within the meaning of, the ADA codified at 42 U.S.C. § 12102 *et seq.*, in that these Physical Impairments substantially limited one or more of KONYEN'S major life activities, including those described in ¶ 12, hereinabove.

64.     At all times relevant herein, Defendant LOWES, including through its agents and employees:

        (A)     were aware of KONYEN's Disabilities;

        (B)     were aware that KONYEN had a record of such Disabilities; and

        (C)     regarded KONYEN as having Physical Impairments, including her Disabilities, (which have continued for than six months) that substantially limited one or more of her major life activities, as described herein, including when receiving medical records, requests for accommodation, and information from, or on behalf of, KONYEN.

65.     Notwithstanding KONYEN's Disabilities, at all relevant times herein, KONYEN could perform the essential functions of her job, with a reasonable accommodation of her Disabilities, including those accommodations described in ¶ 17 hereinabove—whether such accommodations were historically provided by LOWES or not, and whether such accommodations were actually considered

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  by Defendant LOWES or not.

2       66.    At all relevant times herein, Defendant LOWES was required to engage in the

3  "interactive process" mandated by the ADA, to identify and implement appropriate reasonable

4  accommodations to KONYEN for her Disabilities, including to explore and identify the precise

5  limitations resulting from KONYEN'S Disabilities and the potential reasonable accommodations that

6  could overcome those limitations.

7       67.    At all relevant times herein, Defendant LOWES, including through its employees and

8  agents, refused to, and intentionally failed to, engage or *to continue* to engage, in the mandatory ADA-

9  interactive-process in good faith with KONYEN regarding her requests for accommodation of her

10  Disabilities and the continued provision of accommodations historically provided to KONYEN, as

11  described herein.

12       68.    If Defendant LOWES had properly engaged or continued to engage in the Interactive

13  Process with KONYEN, as described herein, then Defendant LOWES and KONYEN could have

14  identified reasonable accommodations for KONYEN'S Disabilities, which would have allowed her to

15  remain employed with Defendant LOWES, as envisioned by the ADA, including the accommodations

16  historically provided to KONYEN and other accommodations described in ¶ 17 hereinabove.

17       69.    At all relevant times herein, Defendant LOWES, including through its employees and

18  agents, intentionally engaged in its Adverse Employer Actions taken against KONYEN, described

19  herein, including at ¶¶ 28-30, 36, and 48-54, because of her Disabilities.

20       70.    At all relevant times herein, Defendant LOWES, including through its employees and

21  agents, intentionally engaged in disparate treatment of KONYEN, as compared to other similarly

22  situated employees, and such differences in treatment were based on KONYEN'S protected

23  characteristic of her Disabilities, as described herein, including when taking the Adverse Employer

24  Actions against KONYEN, described herein.

25       71.    As a result of such intentional, unlawful, and discriminatory conduct against KONYEN

26  by Defendant LOWES, including through its employees and agents, based on and because of

27  KONYEN'S Disabilities, KONYEN has suffered, and continues to suffer, economic losses, including

28  lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

inconvenience, and the loss of enjoyment of life, for which she is entitled to compensatory and equitable damages, in an amount to be proven at trial.

72.     The Adverse Employer Actions, disparate treatment, and unlawful discrimination by Defendant LOWES, including its employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected and state-law-protected rights of KONYEN, including when Defendant took its Adverse Employer Actions against KONYEN—all while Defendant LOWES, its management, and its HR personnel made legally -binding promises to KONYEN when asking her to forebear in bringing her worker's compensation claim in exchange for LOWES perpetually accommodating her Disabilities, above and beyond the ordinary requirements imposed by law on LOWES (as described in ¶ 10 hereinabove)—and Defendant LOWES, its management, and its HR Personnel were well aware of KONYEN'S rights under the ADA, NRS 613.330, and NRS 613.340, and all while they were well aware of Defendant LOWES' legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant LOWES, in an amount determined by a jury at trial, according to law.

73.     As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN has had to retain the services of attorneys in this matter, and she, therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

74.     As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KONYEN'S rights by engaging in unlawful discrimination, as alleged herein.

75.     As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant LOWES to give effect to the rights of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

KONYEN, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KONYEN to her prior employment position or another vacant position with Defendant LOWES, for which she qualifies, with full pay and benefits, as if never terminated.

## VI.

### SECOND CLAIM FOR RELIEF

### UNLAWFUL RETALIATION BASED ON DISABILITY:

### Violation of the Anti-Retaliation Provisions of the ADA, 42 U.S.C. § 12203 *et seq.*

76.     KONYEN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

77.     Defendant LOWES violated the ADA's anti-retaliation provision and 42 U.S.C. § 12203 *et seq.* and is liable for unlawful retaliation under the ADA for its culpable conduct and the conduct of its employees and agents, under the ADA and 42 U.S.C. § 12203 *et seq.* for the reasons set forth in this claim for relief.

78.     At all times relevant herein, KONYEN engaged in the Protected Activities described herein, including in ¶¶ 35-36 and 48-51, hereinabove, which were protected under the anti-retaliation provisions of the ADA.

79.     At all times relevant herein, Defendant LOWES, including through its employees and agents, subjected KONYEN to the Adverse Employer Actions described herein, including as described in ¶¶ 28-30, 32-34, 36, 48-54 hereinabove, in response to, retaliation for, and because of, her having engaged in the Protected Activities, described herein.

80.     At all times relevant herein, such Adverse Employer Actions taken against KONYEN by Defendant LOWES, including through its employees and agents, as described herein, would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such Adverse Employer Actions materially affected the compensation, terms, conditions, or privileges of KONYEN'S employment and other rights secured to KONYEN, including LOWES' promise to "take care of" KONYEN in exchange for her forbearing in filing a worker's compensation claim, which included accommodating her Disabilities, above and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

beyond the requirements of the ADA.

81.     There was a causal link between KONYEN'S Protected Activities and these Adverse Employer Actions that KONYEN suffered, including that causation shown by direct or circumstantial evidence, including temporal proximity, and this included LOWES directly attributing its Adverse Employer Actions against KONYEN to her Disabilities, which also related fundamentally to KONYEN's Protected Activities.

82.     Defendant LOWES, including through its employees and agents, subjected KONYEN to these Adverse Employer Actions, in retaliation for, and because of, her Protected Activities.

83.     Defendant LOWES, including through its employees and agents, unlawfully discriminated against KONYEN by retaliation, described herein, and violated the anti-retaliation provisions of the ADA, including as codified at 42 U.S.C. § 12203.

84.     As a result of such intentional, unlawful, retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Protected Activities, KONYEN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which she is entitled to compensatory and equitable damages, in an amount to be proven at trial.

85.     The deliberate, unlawful, retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Protected Activities, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of KONYEN—including as shown by the fact that Defendant LOWES' management and HR personnel were trained on their legal obligations under anti-employment-discrimination laws and of the corresponding rights of their employees, including KONYEN, and they were well aware of KONYEN'S rights under the ADA, NRS 613.330, and NRS 613.340—as well as the promise LOWES made to KONYEN to "take care of her," in exchange for her forbearing in filing a worker's compensation claim, *i.e.*, to accommodate her Disabilities to a degree above and beyond that required by the ADA and NRS 613.330—warranting an award of punitive damages, to punish Defendant LOWES, in an amount determined by a jury at trial,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

according to law.

86.    As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Protected Activity, KONYEN has had to retain the services of attorneys in this matter, and she, therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

87.    As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Protected Activity, KONYEN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KONYEN'S rights by engaging in unlawful retaliation, as alleged herein.

88.    As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Protected Activity, KONYEN is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant LOWES to give effect to the rights of KONYEN, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KONYEN to her prior employment position or another vacant position with LOWES, for which she qualifies, with full pay and benefits, as if never terminated.

## STATE CLAIMS

## VII.

## THIRD CLAIM FOR RELIEF

## UNLAWFUL DISCRIMINATION BASED ON DISABILITY:

### Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities

### (Nevada Disability Discrimination Statute NRS 613.330)

89.    KONYEN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

90.     Defendant LOWES violated NRS 613.330 and is liable for its culpable conduct and the conduct of its employees and agents, including its HR Personnel, for the reasons set forth in this claim for relief.

91.     At all times relevant herein, KONYEN's Disabilities, described herein, were Physical Impairments, as described herein, which Disabilities are covered by, and within the meaning of, NRS 613.330, in that these Physical Impairments substantially limited one or more of KONYEN'S major life activities, including those described in ¶ 12, hereinabove.

92.     At all times relevant herein, Defendant LOWES, including through its agents and employees:

(A)     were aware of KONYEN's Disabilities;

(B)     were aware that KONYEN had a record of such Disabilities; and

(C)     regarded KONYEN as having Physical Impairments, including her Disabilities, (which have continued for than six months) that substantially limited one or more of her major life activities, as described herein, including when receiving medical records, requests for accommodation, and information from, or on behalf of, KONYEN.

93.     Notwithstanding KONYEN's Disabilities, at all relevant times herein, KONYEN could perform the essential functions of her job, with a reasonable accommodation of her Disabilities, including those accommodations described in ¶ 17 hereinabove—whether such accommodations were historically provided by LOWES or not, and whether such accommodations were actually considered by Defendant LOWES or not.

94.     At all relevant times herein, Defendant LOWES was required to engage in the "interactive process" mandated by NRS 613.330, to identify and implement appropriate reasonable accommodations to KONYEN for her Disabilities, including to explore and identify the precise limitations resulting from KONYEN'S Disabilities and the potential reasonable accommodations that could overcome those limitations.

95.     At all relevant times herein, Defendant LOWES, including through its employees and agents, refused to, and intentionally failed to, engage or *continue* to engage, in the mandatory NRS 613.330-interactive-process in good faith with KONYEN regarding her requests for accommodation of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

her Disabilities and the continued provision of accommodations historically provided to KONYEN, as described herein.

96. If Defendant LOWES had properly engaged or continued to engage in the Interactive Process with KONYEN, as described herein, then Defendant LOWES and KONYEN could have identified reasonable accommodations for KONYEN'S Disabilities, which would have allowed her to remain employed with Defendant LOWES, as envisioned by NRS 613.330, including the accommodations historically provided to KONYEN and also those described in ¶ 17 hereinabove.

97. At all relevant times herein, Defendant LOWES, including through its employees and agents, intentionally engaged in its Adverse Employer Actions taken against KONYEN, described herein, because of her Disabilities.

98. At all relevant times herein, Defendant LOWES, including through its employees and agents, intentionally engaged in disparate treatment of KONYEN, as compared to other similarly situated employees, and such differences in treatment were based on KONYEN'S protected characteristic of her Disabilities, as described herein, including when taking the Adverse Employer Actions against KONYEN, described herein.

99. As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which she is entitled to compensatory and equitable damages, in an amount to be proven at trial.

100. The Adverse Employer Actions, disparate treatment, and unlawful discrimination by Defendant LOWES, including its employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected and state-law-protected rights of KONYEN, including when Defendant took its Adverse Employer Actions against KONYEN—all while Defendant LOWES, its management, and its HR personnel made legally-binding promises to KONYEN when asking her to forego her worker's compensation claim in exchange for perpetually accommodating her Disabilities, above and beyond the ordinary requirements

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

23

imposed by law on LOWES (as described in ¶ 10 hereinabove)—and Defendant LOWES, its management, and its HR Personnel were well aware of KONYEN'S rights under the ADA, NRS 613.330, and NRS 613.340, and all while they were well aware of Defendant LOWES' legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant LOWES, in an amount determined by a jury at trial, according to law.

101.   As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN has had to retain the services of attorneys in this matter, and she, therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

102.   As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KONYEN'S rights by engaging in unlawful discrimination, as alleged herein.

103.   As a result of such intentional, unlawful, and discriminatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S Disabilities, KONYEN is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant LOWES to give effect to the rights of KONYEN, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KONYEN to her prior employment position or another vacant position with Defendant LOWES, for which she qualifies, with full pay and benefits, as if never terminated.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**UNLAWFUL RETALIATION BASED ON DISABILITY:**

**(Anti-Retaliation Provisions of Nevada's Disability Discrimination Statute NRS 613.340)**

104.   KONYEN incorporates by reference all prior allegations of this *Complaint*, as though

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

fully set forth herein.

105.    Defendant LOWES violated NRS 613.340's anti-retaliation provision and is liable for unlawful retaliation under NRS 613.340 for its culpable conduct and the conduct of its employees and agents, for the reasons set forth in this claim for relief.

106.    At all times relevant herein, KONYEN engaged in the Protected Activities described herein, including in ¶¶ 35-36 and 48-51, above, which were protected under the anti-retaliation provisions of the ADA.

107.    At all times relevant herein, Defendant LOWES, including through its employees and agents, subjected KONYEN to the Adverse Employer Actions described herein, including as described in ¶¶ 28-30, 32-34, 36, 48-54 hereinabove, in response to, retaliation for, and because of, her having engaged in the Protected Activities, described herein.

108.    At all times relevant herein, such Adverse Employer Actions taken against KONYEN by Defendant LOWES, including through its employees and agents, as described herein, would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such Adverse Employer Actions materially affected the compensation, terms, conditions, or privileges of KONYEN'S employment and other rights secured to KONYEN, including LOWES' promise to "take care of" KONYEN, in exchange for her forbearing in filing a worker's compensation claim, which included accommodating her Disabilities, above and beyond the requirements of the NRS 613.330.

109.    There was a causal link between KONYEN'S Protected Activities and these Adverse Employer Actions that KONYEN suffered, including that causation shown by direct or circumstantial evidence, including temporal proximity, and this included LOWES directly attributing its Adverse Employer Actions against KONYEN to her Disabilities, which also related fundamentally to KONYEN's Protected Activities.

110.    Defendant LOWES, including through its employees and agents, subjected KONYEN to these Adverse Employer Actions, in retaliation for, and because of, her Protected Activities.

111.    Defendant LOWES, including through its employees and agents, unlawfully discriminated against KONYEN by retaliation, described herein, and violated the anti-retaliation

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

25

1   provisions of NRS 613.340.

2       112.   As a result of such intentional, unlawful, retaliatory conduct against KONYEN by

3   Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S

4   Protected Activities, KONYEN has suffered, and continues to suffer, economic losses, including lost

5   wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish,

6   inconvenience, and the loss of enjoyment of life, for which she is entitled to compensatory and

7   equitable damages, in an amount to be proven at trial.

8       113.   The deliberate, unlawful, retaliatory conduct against KONYEN by Defendant LOWES,

9   including through its employees and agents, based on and because of KONYEN'S Protected Activities,

10   was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety,

11   wellbeing, federally-protected rights, and state-law-protected rights of KONYEN—including as shown

12   by the fact that Defendant LOWES' management and HR personnel were trained on their legal

13   obligations under anti-employment-discrimination laws and of the corresponding rights of their

14   employees, including KONYEN, and they were well aware of KONYEN'S rights under the ADA, NRS

15   613.330, and NRS 613.340—as well as the promise LOWES made to KONYEN to "take care of her,"

16   *i.e.*, to accommodate her Disabilities to a degree above and beyond that required by the ADA and NRS

17   613.330, in exchange for her not filing a worker's compensation claim—warranting an award of

18   punitive damages, to punish Defendant LOWES, in an amount determined by a jury at trial, according

19   to law.

20       114.   As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by

21   Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S

22   Protected Activity, KONYEN has had to retain the services of attorneys in this matter, and she,

23   therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness

24   fees, and her court costs, in an amount to be proven at trial.

25       115.   As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by

26   Defendant LOWES, including through its employees and agents, based on and because of KONYEN'S

27   Protected Activity, KONYEN is entitled to, and seeks, declaratory relief, in the form of a declaration by

28   this Court, that Defendant violated KONYEN'S rights by engaging in unlawful retaliation, as alleged

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

herein.

116.    As a result of such intentional, unlawful, and retaliatory conduct against KONYEN by Defendant LOWES, including through its employees and agents, based on and because of KONYEN's Protected Activity, KONYEN is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant LOWES to give effect to the rights of KONYEN, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KONYEN to her prior employment position or another vacant position with LOWES, for which she qualifies, with full pay and benefits, as if never terminated.

**IX.**

**FIFTH CLAIM FOR RELIEF**

**BREACH OF LEGALLY ENFORCEABLE PROMISE**

**OR, IN THE ALTERNATIVE,**

**BREACH OF EQUITABLY ENFORCEABLE PROMISE**

**(to "Take Care of" KONYEN by Accommodating Her Disabilities Beyond the Requirements of Federal and State Law)**

**—Asserted as a Breach of Contract Claim, or, in the Alternative**

**Asserted as an Unjust Enrichment Claim for Recovery in Quasi Contract—**

117.    KONYEN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

118.    During KONYEN's first tenure at the LOWES Reno, NV Store, LOWES offered to "take care of" KONYEN's occupational disease, *i.e.*, to accommodate her occupational disease/Disabilities in the absence of the protection of the law, to a degree and extent not protected by the law, and to a degree and extent exceeding the requirements of the law (which would include the ADA and NRS 613.330), in exchange for KONYEN forbearing in her legal right to file a worker's compensation claim against LOWES for her occupational disease to her lower back, which arose from the cumulative effects of her repeated lifting of flooring materials at LOWES, as described in ¶¶ 8-15, hereinabove.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

119.   KONYEN accepted LOWES' offer, detrimentally relied on it, and performed her obligations under this agreement, including by forbearing in bringing her legally cognizable, valid worker's compensation claim against LOWES for her occupational disease as described herein.

120.   KONYEN's forbearance in bringing her legally cognizable, valid worker's compensation claim against LOWES constituted valuable consideration and detrimental reliance for the agreement by and between LOWES and KONYEN.

121.   Accordingly, LOWES and KONYEN attempted to form, and did form, a contract, whether oral, written, or implied in fact, to give effect to the parties' intents and offers stated in ¶¶ 118-120, hereinabove.

122.   LOWES and KONYEN's exchange of promises, and the consideration supplied by KONYEN and benefit accruing to LOWES, in its avoidance of KONYEN's worker's compensation claim, consummated a legally-enforceable promise, as a contract or employment contract, by which LOWES was obligated to accommodate KONYEN's Disabilities even where not required to do so by law and to a degree and extent exceeding that statutorily required by law (*e.g.*, the ADA and NRS 613.330), including by accommodating her Disabilities even where such accommodations would otherwise amount to an "undue hardship," within the meaning of the ADA or NRS 613.330.

123.   In the alternative, if the Court or the fact finder determines that LOWES and KONYEN's exchange of promises, and the consideration supplied by KONYEN and benefit accruing to LOWES, in its avoidance of KONYEN's worker's compensation claim, did not create an express contract or a legally enforceable contract, then the same created an enforceable promise in equity under the doctrine of unjust enrichment or recovery in quasi contract, inasmuch as:

(A)   LOWES and KONYEN had a direct relationship and course of dealings, as employer and employee;

(B)   KONYEN conferred a benefit on LOWES, in causing LOWES to avoid KONYEN's worker's compensation claim;

(C)   LOWES appreciated this benefit by KONYEN, which it recognized, including by encouraging KONYEN to forebear in bringing her workers' compensation claim, in exchange for LOWES' promise to "take care of KONYEN," in the absence of filing such a claim; and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

28

(D)     LOWES accepted and retained such a benefit provided by KONYEN under circumstances such that it would be inequitable for LOWES to retain the benefit without performance of its promise and/or the payment of the value thereof.

124.    KONYEN performed her obligations under the contract, by not bringing a worker's compensation claim against LOWES.

125.    For many years, up to about May 19, 2019, LOWES "took care of" KONYEN's Disabilities, by accommodating them, as described herein.

126.    However, on or about May 19, 2019, LOWES breached its contract or enforceable promise/quasi-contract to "take care of" Konyen's Disabilities, when it refused to accommodate her Disabilities any longer and took the Adverse Employer Actions described herein—whether such accommodations were required by the law or not, *e.g.*, the ADA or NRS 613.330.

127.    KONYEN has already asserted that LOWES' failure to accommodate her Disabilities violated the ADA and NRS 613.330 in prior causes of action of this pleading.  However, to the degree that the Court or the fact finder determines that LOWES did not violate the ADA or NRS 613.330, KONYEN herein asserts that LOWES' failure to accommodate her Disabilities breached its contractual obligations or legally/equitably enforceable promise to "take care of" Konyen's Disabilities, which required that it accommodate her Disabilities in the absence of the protection of the law, without regard to any requirement of the ADA or NRS 613.330, and, in excess of the requirements of the ADA or NRS 613.330.

128.    As a result of this breach of contract or legally/equitably enforceable promise by Defendant LOWES, including through its employees and agents, KONYEN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, consequential and incidental losses, for which she is entitled to compensatory and equitable damages, in an amount to be proven at trial.

129.    As a result of this breach of contract or legally/equitably enforceable promise by Defendant LOWES, including through its employees and agents, KONYEN has had to retain the services of attorneys in this matter, and she, therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

130.    As a result of this breach of contract or legally/equitably enforceable promise by Defendant LOWES, including through its employees and agents, KONYEN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KONYEN'S rights by engaging in unlawful retaliation, as alleged herein.

131.    As a result of this breach of contract or legally/equitably enforceable promise by Defendant LOWES, including through its employees and agents, KONYEN is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant LOWES to give effect to the rights of KONYEN, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KONYEN to her prior employment position or another vacant position with  LOWES, with accommodation of her Disabilities, with full pay and benefits, as if never terminated.

# X.

## PRAYER FOR RELIEF

WHEREFORE, KONYEN prays for judgment against Defendant LOWES, as follows:

1.    For equitable relief, including back pay and front pay, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

2.    For general, compensatory damages on all claims, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, including for non-pecuniary, compensatory damages for emotional pain, suffering, inconvenience, mental anguish, anger, loss of enjoyment of life, and other nonpecuniary losses, separately, in an amount to be proven at trial;

3.    For special, compensatory damages on all claims, for pecuniary losses and damages to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

4.    For legal and equitable relief on her Fifth Claim for Relief, including compensatory damages and equitable relief for breach of contract, or, in the alternative, unjust

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

enrichment and recovery in quasi contract;

5.    For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

6.    For exemplary and punitive damages, as allowed by law;

7.    For costs of the suit incurred herein, as allowed by law;

8.    For attorneys' fees, costs, and prejudgment interest, as allowed by law;

9.    For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial or a hearing on the same;

10.    For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.330, and NRS 613,340, and the Court's inherent equitable powers, KONYEN seeks, and is entitled to have, declaratory relief awarded in her favor, to declare her rights and the obligations of Defendant LOWES, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant LOWES unlawfully discriminated against KONYEN in violation of the ADA, NRS 613.330, and NRS 613.340, and otherwise violated KONYEN'S rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to KONYEN'S employment and re-employment;

11.    Based on the foregoing, KONYEN has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. This inadequacy is, in part, based on the facts that KONYEN is not currently employed by Defendant LOWES and should be reinstated, if feasible, including to another vacant position at Defendant LOWES, for which she is qualified, and the

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

inadequacies of remedies available at law, such as monetary damages, are further based on the fact that Defendant LOWES is currently maintaining false and disparaging information about KONYEN'S work performance and tenure at LOWES, which will be discovered by third parties, including prospective employers of KONYEN, which will interfere with her ability to obtain employment, including re-employment at LOWES. As such KONYEN is entitled to injunctive relief, including an injunction compelling Defendant:

(A)     To remove false, adverse information contained in her personnel files relating to the claims of this case;

(B)     To provide only a "neutral" job reference concerning KONYEN'S tenure at LOWES, to all inquiring prospective employers; and

(C)     To reinstate KONYEN'S employment at LOWES or to another available position for which she qualifies at LOWES, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. KONYEN herein seeks Injunctive relief, equitably determined by the Court at trial;

12.     For such other relief as the Court may deem just and proper; and

13.     Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 6th day of December 2022.          THE GEDDES LAW FIRM, P.C

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Claimant Cathie Konyen*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455