**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CATHIE KONYEN,

Plaintiff,

v.

LOWES HOME CENTERS, LLC,

Defendant.

Case No. 3:22-CV-00538-MMD-CLB

**ORDER RE: MOTION REGARDING DISCOVERY DISPUTE, MOTION TO QUASH, AND MOTION/OBJECTION TO PLAINTIFF'S THIRD AMENDED SUBPOENA DUCES TECUM**

[ECF Nos. 30, 31, 36]

Before the Court are several motions relating to disputes that have arisen during rebuttal discovery in this action. First, is Plaintiff Cathie Konyen's ("Konyen") motion regarding discovery dispute. (ECF No. 30.) Defendant Lowes Home Centers, LLC ("Lowes"), responded to the motion. (ECF No. 34.) Second is Interested Party Reno Orthopedic Center's ("ROC") motion to quash. (ECF No. 31.) Konyen responded, (ECF No. 32), and ROC replied, (ECF No. 35). Finally, is ROC's motion/objection to Konyen's third amended *subpoena duces tecum*. (ECF No. 36.) Konyen responded, (ECF No. 39), and ROC replied, (ECF No. 42.) The Court will address each motion in turn.[1]

## I.    BACKGROUND

The instant case arises out of allegations of discrimination in violation of the Americans with Disabilities Act and Nevada Revised Statutes §§ 613.330, 613.340, as well as a claim of breach of an employment contract or legally enforceable promise, in relation to Konyen's employment by Lowes. (ECF No. 1.)

Konyen's asserts disability discrimination and retaliation claims against Lowes, in connection with Lowes' withdrawal of disability accommodations to her. (*Id.*) Konyen alleges the adverse employer actions taken against her consisted of Lowes' failure to accommodate her disabilities, failure to engage in the mandated interactive process to

---

[1]    The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-1.

keep her in the same position for which she was the leading salesperson, retaliating against her, and firing her (whether constructive discharge or direct firing), on the pretext of asking her to put in her "notice of resignation," in order for her to obtain interim pay while she waited to receive short-term disability benefits, which Lowes forced her to take. (*Id.*)

Discovery in this case has been extended numerous times, (*See* ECF Nos. 13, 21, 23, 26), with the most recent extension occurring on March 6, 2024, (ECF No. 28). On February 16, 2024, during the deposition of Konyen's treating ROC provider, Dr. Bruce Witmer, the validity of two ADA Accommodations Substantiation Forms (collectively referred to as "ADA Forms")—which form the basis of Konyen's ADA claims—was raised for the first time. (ECF No. 27.) Thus, the most recent extension of discovery was for the limited purpose of conducting rebuttal discovery regarding the validity of ROC medical records, the validity, including the possible forgery, of two ADA Forms completed in April 2019 and purported to be signed by Dr. Witmer, and for handwriting samples and retained expert analysis to determine authorship of the two suspected fraudulent ADA forms. (*See id.*)

On April 5, 2024, in accordance with this Court's discovery dispute process, Konyen filed a motion regarding discovery dispute regarding Lowes' notice of intent to issue a records subpoena on ROC's former employee, Courtney Scrottish ("Scrottish"). (ECF No. 30.) Scrottish is a witness identified by Konyen as having certain information concerning how ROC conducted its business operations from October 2019 through June 2021. (*Id.*)

On April 8, 2024, Interested Party ROC filed an objection to and motion to quash and/or modify amended subpoena-civil deposition *duces tecum* served by Konyen on ROC. (ECF No. 31.) Specifically, the subpoena commands an in-person deposition of a representative of ROC pursuant to Fed. R. Civ. P. 30(b)(6) on a variety of topics pertaining to the procedure for receiving, completing, signing, and returning a variety of forms under the ADA, as well as a request for documents. (*Id.*) The objection and motion are made on

the grounds that the subpoena imposes undue burden and expense on ROC. (*Id.*) On April 22, 2024, Interested Party ROC filed an objection to Konyen's third amended subpoena-civil deposition duces tecum served by Konyen on ROC. (ECF No. 36.) This objection is based on the same grounds as the first motion and was filed in response to Konyen issuing another subpoena seeking the same information, documents, and deposition of a ROC employee on a variety of subjects. (*Id.*)

## II.      LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations). The discovery process should be cooperative and largely unsupervised by the court. *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).

## III.     DISCUSSION

### A.      Konyen's Motion Regarding Discovery Dispute

On April 5, 2024, in accordance with this Court's discovery dispute process, Konyen filed a motion regarding discovery dispute regarding Lowes' notice of intent to issue a records subpoena on ROC's former employee, Courtney Scrottish ("Scrottish"). (ECF No. 30.) Lowes' subpoena asks for "any and all records in [ROC's] control pertaining to [] Scrottish." (ECF No. 30-2.) Scrottish is a witness identified by Konyen as having certain information concerning how ROC conducted its business operations from October 2019 through June 2021. (ECF No. 30.)

Generally, a party does not have standing to bring a motion to quash a subpoena that is directed to a nonparty, unless the party is asserting a privilege or some other ground that establishes standing. *See United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests ... Accordingly the government lacks standing to raise the exclusive grounds for quashing the subpoena, since it lacks the sine qua non of standing, an injury in fact relative to those grounds."); *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.").

As recently explained:

> Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. The court "must" quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see also Peccia v. Dep't of Corr. & Rehab.*, No. 2:18-cv-3049 JAM AC, 2020 WL 2556751, at *1 (E.D. Cal. May 20, 2020) (citing *California Sportfishing*, 175 F.R.D. at 643); *Robertson v. Catholic Cmty. Servs. of W. Washington*, No. C19-1618 RSM, 2020 WL 1819842, at *5 (W.D. Wash. Apr. 10, 2020) (same). Under this general rule, plaintiff lacks standing to object to the subpoena on grounds of relevance or undue burden. *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH DMR, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). A party cannot seek to quash a Rule 45 subpoena except to the extent that it has "a personal right or privilege in the information sought to be disclosed." *Freed v. Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting *Chevron Corp. v. Donziger*,

1    2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).

2    *Krenitsky v. Kirsch*, No. 218CV0690WBSDBP, 2020 WL 5017270, at *1 (E.D. Cal. Aug.

3    25, 2020). Noted in *Krenitsky*, "[i]n contrast to a motion to quash, a party has standing to

4    seek a protective order to limit discovery from a third party." *Id.* at *1 n.1 (citing *Auto-*

5    *Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).

6         Konyen asserts she has standing because she "has a legitimate interest in

7    receiving the protections of the Court's Order limiting discovery to the rebuttal issue."

8    (ECF No. 30 at 2.) Lowes argues that Konyen does not have standing to quash the

9    document request because Konyen cannot allege any privilege or vested interest in the

10   responsive documents. (ECF No. 34.)

11        The Court agrees with Lowes that Konyen does not have standing to quash the

12   subpoena of records on third-party witness Scrottish. Specifically, Konyen has not

13   asserted any claims of privilege with respect to the requested documents. Further, it does

14   not appear Konyen would be able to assert any privilege, as the requested records consist

15   of Scrottish's employment records during her employment with ROC, which in no way

16   relate to Konyen. For this reason alone, the Court finds that Konyen's motion regarding

17   discovery dispute, (ECF No. 30), is denied.[2]

18        **B.    ROC's Objection/Motion to Quash and/or Modify Subpoena**

19        ROC objects to the Amended Subpoena Duces Tecum issued by Konyen on

20   March 27, 2024 and moves to quash and/or modify the Subpoena on the grounds that it

21   imposes undue burden and expense on ROC. (ECF No. 31.) Specifically, the Amended

22   Subpoena relates to a Rule 30(b)(6) deposition of a representative of non-party ROC on

23   a variety of topics pertaining to the procedure for receiving, completing, signing and

24   _____

25   [2]    Standing aside, the Court is confused by Konyen's argument that the subpoena at
     issue is outside the scope of rebuttal discovery. The Court's understanding of the purpose
26   of rebuttal discovery was to ascertain the validity of ROC medical records, and the validity,
     including the possible forgery, of two ADA Forms completed in April 2019. Konyen herself
27   disclosed the Declaration of Scrottish, which discusses ROC's practices and procedures
     for record keeping. Konyen's attempt to now limit Lowes' ability to conduct its own
28   discovery regarding Scrottish's credibility and the veracity of her statements is frankly
     troubling to the Court.

5

1   returning a variety of ADA forms. On April 22, 2024, ROC filed an objection to Konyen's

2   Third Amended Subpoena Duces Tecum served by Konyen on ROC. (ECF No. 36.) This

3   objection is based on the same grounds as the first motion and was filed in response to

4   Konyen re-issuing the same subpoena, seeking the same information, documents, and

5   deposition of a ROC employee on a variety of subjects, but with a later deposition date.

6   (*Id.*)

7       First, the Court must address Konyen's assertion that ROC must comply with the

8   subpoenas despite the filing of the objection and motion to quash. When a nonparty is

9   served with a subpoena, it has three options: it may (1) comply with the subpoena, (2)

10  serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3)

11  move to quash or modify the subpoena in accordance with Rule 45(d)(3). *See Genx*

12  *Processors Mauritius Ltd. v. Jackson*, No. 2:14-cv-019830-APG-PAL, 2018 WL 5777485,

13  at *9 (D. Nev., Nov. 2, 2018) (citing *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014).[3]

14  Timely written objections to a subpoena in accordance with Rule 45(d) qualify as an

15  "adequate excuse" for noncompliance. *Id.* (citing *DeGeer v. Gillis*, 755 F. Supp. 2d 909,

16  930 (N.D. Ill. 2010); *In re Exxon Valdez*, 142 F.R.D. at 385). When a nonparty raises

17  timely objections to the subpoenas, the nonparty is not required to produce documents,

18  or even search for them, until the propounding party obtains an order directing

19  compliance. *Genx Processors*, 2018 WL 5777485, at *9 (citing *Pennwalt Corp. v. Durand-*

20  *Wayland, Inc.*, 708 F.2d 492, 494 & n.5 (9th Cir. 1983); *In re Plise*, 506 B.R. at 878;

21  *DeGeer*, 755 F. Supp. 2d at 930.) Thus, the Court explicitly finds that once ROC filed its

22  objection and/or motion to quash, it was no longer obligated to comply with the subpoena.

23      Moving on to ROC's objection and motion, ROC objects to the subpoena pursuant

24  to Fed. R. Civ. P. 45(d)(2)(B). Additionally, ROC argues the subpoena should be either

25  quash or modified pursuant to Fed. R. Civ. P. 45(d)(3)(iv), as the subpoena subjects

---

27  [3]   *Genx Processors* refers to the provisions of Fed. R. Civ. P. 45(c), however, the 2013 Amendment to the Rules notes that subdivision (d) now contains the provisions formerly in subdivision (c). *See* Fed. R. Civ. P. 45, Advisory Committee Note, 2013 Amendment.

ROC to undue burden.

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits, requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Id.* Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013) (internal quotations and citation omitted).

ROC specifically objects to the portions of the subpoena that request: (1) a Rule 30(b)(6) deposition on nine topics related to the procedure for completing ADA forms; (2) medical records of other ROC patients that contain handwriting, signatures, and initials of several providers and employees of ROC; (3) a list of all ROC email addresses historically assigned to Dr. Witmer; and (4) a schedule of all doctors, nurse practitioners, and medical assistants who "physically worked" at ROC on April 16, 2019 and April 30, 2019. (ECF No. 31.)

ROC's counsel represents that during the meet-and-confer process, Konyen's counsel conceded that ROC's compliance with the subpoena would be expensive, "hugely disruptive" and a burden for ROC. (ECF No. 31-4 at 2.) Based on this concession alone, the Court finds that ROC has carried its burden of demonstrating that the subpoenas are unduly burdensome.

Concession aside, Konyen has not shown how this particular discovery is relevant to the very limited rebuttal discovery that the Court has allowed. The limited purpose of conducting rebuttal discovery is regarding the validity of ROC medical records, the

validity, including the possible forgery, of two ADA Forms completed in April 2019 and purported to be signed by Dr. Witmer, and for handwriting samples and retained expert analysis to determine authorship of the two suspected fraudulent ADA forms. (ECF No. 27.) It is unclear, for example, how obtaining other patient's records from ROC would provide any relevant information as to the validity of Konyen's ADA forms. Further, ROC's counsel has proposed providing affidavits of its existing employees stating that they did not complete the subject ADA form and providing their signatures within such an affidavit, which ROC asserts would be considerably less disruptive and less expensive than complying with the subpoena. (ECF No. 31 at 5.) The Court agrees. Konyen's subpoena as drafted is unduly burdensome and does not appear necessary in light of the available alternative proposed by ROC to acquire the evidence.

Accordingly, the Court sustains ROC's objection to the subpoenas. The subpoenas are modified, as proposed by ROC, to allow only for affidavits of existing employees, including Dr. Christensen, related to whether or not they completed the subject ADA form and providing their signatures within such affidavits. (*See* ECF No. 31 at 5.) ROC shall have 14 days from the date of this order to provide such affidavits to Konyen.

## IV.    CONCLUSION

Accordingly, **IT IS ORDERED** that the motion regarding discovery dispute, (ECF No. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that the objections/motions to Konyen's amended subpoena, (ECF Nos. 31, 36), are **SUSTAINED**, and the subpoenas are **MODIFIED**, consistent with the above.

**IT IS FURTHER ORDERED** that ROC must provide Konyen affidavits, as outlined above, within **14 days** of this Order.

///

///

///

///

**IT IS FURTHER ORDERED** that all other deadlines as set out in the discovery plan and scheduling order, (ECF No. 28), remain in effect.

**IT IS SO ORDERED.**

**DATED**: _May 3, 2024_____.

_____

**UNITED STATES MAGISTRATE JUDGE**