UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHIE KONYEN,<br><br>                            Plaintiff,<br><br>     v.<br><br>LOWES HOME CENTERS, LLC,<br><br>                            Defendant. | Case No. 3:22-CV-00538-MMD-CLB<br><br>**ORDER REGARDING EX PARTE LETTER** |

        On July 23, 2024, the undersigned received a letter via email from Plaintiff Cathie Konyen ("Konyen"). (*See* Exhibit 1.) This letter is improper for multiple reasons. As a threshold matter, this letter was emailed to the Court in violation of the Court's Local Rules and Federal Rules of Civil Procedure. The Court's local rules clearly state that "an attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court." LR IA 7-1(a).

        Further, there is no evidence that the letter was served on Defendants Lowes Home Centers, LLC ("Lowes"). The Court's Local Rules provide that "[a]ll communications with the court must be. . . *served on all other attorneys and pro se parties*." LR IA 7-1(b) (emphasis added). The Court's Local Rules define an ex parte communication as "a communication between a pro se party or attorney and a judge or chambers when the opposing party or attorney is not present or copied, including telephone calls, letters, or emails." LR IA 7-2(a). "Neither party nor an attorney for any party may make an ex parte communication except as specifically permitted by court order or the Federal Rules of Civil or Criminal Procedure" and the communication "must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." LR IA 7-2(b). Konyen does not explain why the letter was sent on an ex parte basis and thus the letter constitutes an improper ex parte communication.

        Additionally, even if this letter had been properly served and filed on the docket,

the letter is improper because it requests the Court appoint Konyen pro-bono counsel. (Exhibit 1.) The Court's Local Rules mandate that "[a]ll communications with the court must be styled as a motion, stipulation, or notice." LR IA 7-1(b). As this letter seeks the Court take action on something, it should have been filed as a motion and the Court would have authority to strike the letter for failure to be filed as a motion. *Id.*

Finally, the Court notes that in civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Rather, the plaintiff must demonstrate that she is unable to articulate her claims due to their complexity. *Id.*

Konyen is advised to file a proper motion for appointment of counsel that explains why she meets the standard for appointment of counsel in this civil case. The Court reminds Konyen that all parties, including parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d

565, 567 (9th Cir. 1987). Although the Court will liberally construe *pro se* pleadings and will give some latitude to *pro se* litigants, a continued failure to follow the Court's Local Rules and the Rules of Civil Procedure may result in sanctions.

**IT IS SO ORDERED.**

**DATED**:   July 23, 2024   .

_____
**UNITED STATES MAGISTRATE JUDGE**